UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA JACKSON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 20-1005 |
| | * | |
| AVONDALE INDUSTRIES INC. ET AL | * | SECTION "L" (5) |

**ORDER & REASONS**

Pending before the Court is Plaintiff's Motion to Remand, R. Doc. 7. Defendants have not filed an opposition and have filed a Motion to Withdraw the Notice of Removal. R. Doc. 8. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

**I.      BACKGROUND**

This case arises out of Plaintiff Patricia Jackson's diagnosis with malignant mesothelioma, which she contends was caused by exposure to asbestos products while employed by Avondale Shipyard. R. Doc. 7-1 at 4. Plaintiff also contends she was exposed to asbestos fibers located on her father's work clothing while he was employed by Avondale. R. Doc. 7-1 at 4. The case was removed to federal court on March 25, 2020 by Defendants Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Northrop Grumman Shipbuilding, Inc., and f/k/a Avondale Industries, Inc.), Albert L. Bossier, Jr., and Lamorak Insurance Company (collectively, "the Avondale Defendants"), following the United States Court of Appeals for the Fifth Circuit's decision in *Latiolais v. Huntington Ingalls, Inc.*, which held that removal under section 1442(a) is appropriate when a defendant shows "(1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal

1

officer's directions." 951 F.3d 286, 296 (5th Cir. 2020). Essentially, the Avondale Defendants premise removal on the allegation that Plaintiff's claims stem from actions taken by Avondale at the direction of a federal officer—namely, the construction of ships for the United States Navy and the United States Maritime Administration. R. Doc. 1 at 5.

## II. PENDING MOTION

Plaintiff timely filed a motion to remand the case. R. Doc. 7. As a threshold matter, Plaintiff explains that remand is necessary because "she has since resolved her claims against Avondale Interests." R. Doc. 7-1. Because no other defendant removed the case, joined in the removal, or claims to fall within the ambit of federal officer jurisdiction, and because diversity jurisdiction is lacking, Plaintiff asserts "this case has now undeniably been withdrawn from the ambit of the federal officer removal statute." R. Doc. 7-1 at 2. Plaintiff also challenges the timeliness of the removal and the merits of the argument regarding subject matter jurisdiction. The Avondale Defendants do not oppose the motion and filed a Motion to Withdraw the Notice of Removal explaining that Plaintiff had settled her claims with them. R. Doc. 8.

## III. LAW & DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court "may not exercise that jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Because removal jurisdiction "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), it is strictly construed and doubts regarding removal jurisdiction should be resolved against federal jurisdiction, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases presenting federal questions and those involving complete diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Additionally, 28 U.S.C. § 1442 permits federal officers to "remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Latiolais*, 951 F.3d at 290.

The Court need not reach the procedural validity or the merits of the Avondale Defendants' notice of removal, as it finds that remand is warranted simply because Plaintiff has settled with the removing defendants and because no claimed basis for removal jurisdiction exists with respect to the remaining defendants.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 7, and Defendant's Motion to Withdraw Notice of Removal, R. Doc. 8, are **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana this 8th day of May, 2020.

_____
Eldon E. Fallon
United States District Judge