UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA JACKSON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 20-1005 |
| | * | |
| AVONDALE INDUSTRIES INC. ET AL | * | SECTION "L" (5) |

**ORDER AND REASONS**

Before the Court is a motion for summary judgment by defendant Hopeman Brothers, Inc. and joined by defendant Liberty Mutual Insurance Company as insurer of Wayne Manufacturing ("Hopeman Interests"). R. Docs. 73, 74. Plaintiff opposes the motion, R. Doc. 104, and Defendants filed a reply, R. Doc. 119.

**I.   BACKGROUND**

In August 2019, Plaintiff Patricia Jackson brought this lawsuit for asbestos exposure in Orleans Parish Civil District Court against a number of defendants. R. Doc. 1-2. On March 25, 2020, the case was removed to this Court by the Avondale Defendants following the United States Court of Appeals for the Fifth Circuit's decision in *Latiolais v. Huntington Ingalls, Inc.*, which held that removal under section 1442(a) is appropriate when a defendant shows it acted pursuant to a federal officer's directions. 951 F.3d 286, 296 (5th Cir. 2020) Shortly after removal, Plaintiff settled her claims against the Avondale Defendants and the Court remanded the case. R. Doc. 11. However, upon a motion for reconsideration by Defendant Hopeman, the Court found that Hopeman was also entitled to federal officer removal. R. Doc. 38. Accordingly, the matter is properly in federal court at this time.

Ms. Jackson died on July 30, 2021 after filing this claim. R. Doc. 178. Thereafter, her

surviving child and heir, Dielda Robertson, maintained the case on Ms. Jackson's behalf. *Id.* Relevant here, Plaintiff alleges that Ms. Jackson was exposed to asbestos fibers from her father's dusty work clothing as a result of his work at Avondale Shipyard. R. Doc. 1-2. ¶ 10. Plaintiff contends these exposures caused her to contract malignant mesothelioma. *Id*. ¶ 14. Plaintiff asserts negligence claims against Defendants Hopeman and Wayne as a manufacturers, sellers, users, distributors, and professional vendors of asbestos-containing wallboard. *Id.* ¶ 19.

II. **PRESENT MOTION**

In the present motion, the Hopeman Defendants seek summary judgment on the grounds that Plaintiff has not shown that she sustained asbestos exposure from a product or operation attributable to Hopeman. R. Doc. 73. In particular, Defendants argues that there is no evidence that Mr. O'Neal Dumas, Ms. Jackson's father, was in close proximately to Hopeman's operations involving asbestos-containing wallboard at Avondale Shipyard. R. Doc. 73-2 at 1-2. First, Hopeman argues that Mr. Dumas worked exclusively *pre-launch*, while Hopeman's joiner work installing the asbestos-containing wallboard took place post-launch once the completed ships were in the water. *Id.* at 2. Second, Defendants maintain that Mr. Davison, the decedent's co-worker at Avondale, also failed to identify any Hopeman products near Mr. Dumas as he testified only that they worked in proximity to wall and pipe insulation, which consisted of fiberglass and did not contain asbestos. *Id.* at 10. In sum, Defendants argue this is a case of "wrong place, wrong time" for Plaintiff in her case against Hopeman.

Plaintiff opposes the motion. R. Doc. 104. Plaintiff argues that she has provided sufficient evidence that (1) Mr. Dumas worked for years in close proximity to Hopeman employees at the Avondale Shipyards who were cutting its asbestos wallboard, (2) cutting asbestos wallboard with a Skilsaw created asbestos dust that Mr. Dumas took home on his person and clothing, (3) Ms.

2

Jackson breathed the asbestos dust when she 2 laundered her father's work clothes and cleaned their laundry shed, (4) the asbestos exposures Ms. Jackson experienced from Hopeman Interests' asbestos wallboard were significant and a substantial contributing factor in her development of mesothelioma. R. Doc. 104 at 2.

In reply, Defendants maintain that because Plaintiff have not provided sufficient evidence that asbestos fibers from Hopeman's operations at Avondale specifically were brought home on her father's clothes, they are entitled to summary judgment dismissing Plaintiff's claims. R. Doc. 119.

## LAW & ANALYSIS

### a. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the

nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

    **b. Discussion**

Defendants seek summary judgment of Plaintiff's negligence claims because no dispute of fact exists as to causation. To prevail in an asbestos case under Louisiana law, a plaintiff "must prove by a preponderance of the evidence that: (1) his exposure to the defendant's asbestos product was significant; and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma." *Romano v. Metro Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So.3d 176, 182; *see also Palermo v. Port of New Orleans*, 2004-1804 (La. App. 4 Cir. 3/15/06), 933 So. 2d 168, 181 ("To determine whether a particular source of exposure to asbestos was a cause-in-fact of a plaintiff's asbestos-related disease, Louisiana courts employ a "substantial factor" test. Simply stated, the particular exposure must be a substantial contributing factor to the plaintiff's disease."). "When multiple causes of injury are present, a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm. There can be more than one cause in fact of an accident as long as each cause bears a proximate relation to the harm that occurs and it is substantial in nature." *Vodanovich v. A.P. Green Industries, Inc.*, 03-1079, pp. 3-4 (La. App. 4 Cir. 3/3/04),

869 So.2d 930, 932–33 (citation omitted). "Whether the defendant's conduct was a substantial factor is a question for the jury, unless the court determines that reasonable men could not differ." *Borel v. Fibreboard Paper Prod. Cor*p., 493 F.2d 1076, 1094 (5th Cir. 1973). Accordingly, in this case, Plaintiff bears the burden of proving that she was exposed to asbestos attributable to Hopeman's operations at father's work and that this exposure was a substantial factor in the development of her disease.

It is undisputed that Ms. Jackson lived in the family home while her father, O'Neal Dumas, worked at Avondale during the years 1962-1968. R. Docs. 112. As to the Hopeman Interests specifically, Hopeman performed its joiner work on ships constructed from 1965 onward. R. Doc. 109 at 7. Relevant here, Hopeman's marine joiner work involved the cutting and installation of asbestos-containing wall panels of certain vessel at Avondale Shipyard.

Plaintiff argues that the Hopeman Interests negligently exposed Mr. Dumas to asbestos dust created by the cutting of wallboard to install in the living quarters of ships. R. Doc. 104 at 7-8. Ms. Jackson alleges that she was then exposed secondhand when she laundered her father's clothing, which included gathering his clothes, shaking out the pants repeatedly, and sweeping the excess dust. *Id.* at 9-10; Jackson Dep. (10/10/2019) 24:21-25:18; 26:19-28:11, 29:23-30:20. In contrast, the Hopeman Interests argue there is no evidence that Mr. Dumas was exposed to asbestos fibers as a result of Hopeman's operations involving asbestos-containing wallboard because Mr. Dumas only worked on vessels pre-launch whereas Hopeman's operations were exclusively post-launch while the vessels were in the water. R. Doc. 73-1 at 8.

Defendants certainly have made a strong case for why Mr. Dumas could not have been exposed to any asbestos fibers from Hopeman wallboard while working as a clean-up worker at Avondale. Notably, a longtime employee of Hopeman testified that Hopeman's joiner or

5

"finishing" work installing asbestos-containing materials took place at the end of the vessel's construction when the ships were already launched into the water. R. Doc. 73-9, Affidavit of Charles N. Johnson, Jr. Yet Mr. Dumas' coworker Robert Davison testified that Dumas only worked on pre-launch vessels while on land. R. Doc. 73-2 at 7; Davison Dep. (11/07/2019) 64:7-19. In addition, Mr. Dumas himself did not mention asbestos in connection with his work at Avondale in his testimony in a 1981 deposition. R. Doc. 73-1 at 8-9.

Nevertheless, Plaintiff has succeeded in raising a genuine issue of material fact with respect to exposure. Two other Avondale employees testified that in 1969 and 1972, Hopeman employees were cutting asbestos wallboard at Wet Dock No. 2 pre-launch while the ships were on land. R. Doc. 104 at 7-8. Mr. Davison similarly testified that to his knowledge, Mr. Dumas worked all around the areas where ships were being assembled, including Wet Dock No. 2, and that Mr. Dumas was cleaning up the dust behind people installing flat sheetrock. R. Doc. 104 at 2-3; Davison Dep. (11/07/2019) 65:07-65:21.[1] Lastly, testimony from Bertram Hopeman confirmed that Hopeman utilized power saws to cut its asbestos wallboard and that it created significant amounts of dust. Dep. Hopeman (09/22/2014) 57:17-57:23. While this circumstantial evidence may be insufficient to establish liability at trial, the Court finds that it raises a genuine issue of material fact sufficient to narrowly avoid summary judgment.

Defendants further assert even if a question about exposure exists, there is no evidence that this exposure was a substantial cause of her mesothelioma. R. Doc. 449-2 at 8. These arguments, however, hinge entirely on whether Mr. Dumas was exposed to asbestos in the manner Plaintiff claims, which is a question for trial. Plaintiff's industrial hygienist, Steven Paskal, CIH, reviewed the testimony of Ms. Jackson and Mr. Davison and opined that if her father was exposed to asbestos

---

1 It is disputed whether Davison is in fact referring to the asbestos-containing wallboard or fiberglass insulation.

at work, her exposure through the laundering cycle would have substantially increased her risk of contracting mesothelial cancer. R. Doc. 104-20.

Based on the foregoing, the Court concludes whether Ms. Jackson was exposed to asbestos fibers through her father's clean-up work at Avondale, and whether such exposures substantially caused her mesothelioma, are questions best answered by the trier of fact.

New Orleans, Louisiana, this 2nd day of August, 2021.

UNITED STATES DISTRICT JUDGE